## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OHANA ENTERPRISES, LLC | Civil Action No. 21-10175 (RK) (RLS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MOURER FOSTER, INC., | |
| Defendant. | |

SINGH, United States Magistrate Judge.

Presently before the Court is a Motion by Plaintiff Ohana Enterprises, LLC ("Ohana") to reopen the deadline to amend pleadings and for leave for file a second amended complaint pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure (the "Motion" or "Motion to Amend"). (Dkt. No. 51). Defendant Mourer Foster, Inc. ("Mourer Foster") opposes the Motion to Amend, (Dkt. No. 54), to which Ohana replied, (Dkt. No. 55). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court **GRANTS** Ohana's Motion to Amend.

## I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This action arises out of allegations that Mourer Foster failed to timely renew certain insurance policies covering underground storage tanks ("USTs") Ohana maintained at a dormant gas station located in Toms River, New Jersey.

On or about March 17, 2021, Ohana filed its original complaint in the Superior Court of New Jersey, Law Division, Ocean County. Ohana alleges that Mourer Foster failed to timely renew a Storage Tank Liability Insurance Policy (the "Policy"), which Mourer Foster issued

annually since at least 2014.  (*See* Dkt. No. 1-2).  On April 26, 2021, Mourer Foster removed this action to federal court.  (*See generally* Dkt. No. 1).  On June 8, 2021, the Court set a deadline of August 20, 2021 for any motions to amend or join new parties.  (Dkt. No. 8).  The Court later extended that deadline through November 2, 2021.  (Dkt. No. 15).  Prior to that deadline, Ohana filed an Amended Complaint on November 1, 2021.  (Dkt. No. 16).  In the Amended Complaint, Ohana alleges that Mourer Foster failed to timely renew the Policy, causing its UST coverage to lapse, leading to a need to remove the USTs due to applicable state laws.  (Dkt. No. 16 at ¶¶ 12-31).  Thereafter, the Court reset the deadline for any further amendments to November 16, 2021, (Dkt. No. 19), and Mourer Foster filed its Answer to the Amended Complaint, (Dkt. No. 20).  While the deadline for fact discovery and other discovery deadlines were subsequently extended, the Court did not further extend the November 16, 2021 deadline to seek leave to amend or join new parties.

While the parties were engaged in discovery in this matter, the parties also proceeded to discovery in a related matter pending in the United States District Court for the Western District of Michigan, bearing the caption *Aspen American Insurance Company v. M.F. Acquisition, Inc., formerly known as Mourer Foster, Inc. and Ohana Enterprises LLC*, Case No. 1:21-cv-738 (the "Michigan Action").  As part of discovery in the Michigan Action, on or about January 6, 2023, the parties deposed John Foster, in his capacity as the President of Mourer Foster.  (*See* Dkt. No. 51-4).  Relevant here, Mr. Foster testified that through an agreement dated January 17, 2021, "PCF of the West Incorporated" acquired Mourer Foster, or MF Acquisition, Inc., effective January 1, 2021.  (*See* Dkt. No. 51-4 at p. 7).  Based on that testimony, Ohana sought in this matter discovery relating to the purchase of Mourer Foster.

Upon learning of the acquisition of Mourer Foster, Ohana seeks leave to join PCF Insurance Services of the West, LLC ("PCF") as a defendant in this action and to assert against it a claim for successor liability based on the allegation that Mourer Foster sold its assets to PCF shortly after receiving notice of Ohana's claims in this action. (*See* Dkt. No. 51-18). More specifically, Ohana alleges in its proposed Second Amended Complaint that, on January 5, 2021, it notified Mourer Foster of its claims arising from the purported failure to renew the Policy. (Dkt. No. 51-18 at ¶ 37). On or about January 17, 2021,[1] Mourer Foster purportedly executed an Asset and Personal Goodwill Purchase Agreement (the "Asset Purchase Agreement"), transferring all its assets to PCF, with an effective date of January 1, 2021. (Dkt. No. 51-18 at ¶¶ 38-42; *see also* Dkt. No. 54-2). According to Ohana, it was not aware of the transaction and Mourer Foster appeared to remain unchanged. (*See* Dkt. No. 51-18 at ¶¶ 39-41). As a result, Ohana thus contends that it did not know of PCF's potential role in this litigation until after the Court's deadline for seeking leave to amend.

Mourer Foster opposes the Motion to Amend. (Dkt. No. 54). Mourer Foster argues that Ohana has failed to meet either Federal Rules of Civil Procedure 15 or 16 for leave to amend past the Court's ordered deadline because Ohana should have known of Mourer Foster's transfer based on the fact that Mourer Foster is involved in the Michigan Action as "M.F. Acquisition, Inc., formerly known as Mourer Foster, Inc.," of which Ohana had notice since about October 22, 2021. (Dkt. No. 54 at pp. 8-9). Mourer Foster also contends that permitting amendment would unnecessarily complicate and prolong discovery in this matter, incorporating issues of successor

---

[1] While Mr. Foster testified that the Asset and Personal Goodwill Purchase Agreement (the "Asset Purchase Agreement") between PCF and Mourer Foster had a closing date of January 17, 2021, the Agreement reflects a closing date of January 22, 2021. (Dkt. No. 54-2).

liability better left for adjudication after the question of Mourer Foster's own liability has been determined.  (Dkt. No. 54 at pp. 9-12).

## II.    LEGAL STANDARD

Here, Ohana seeks leave to file a second amended complaint well after the deadline for such applications.  If a party seeks to amend its pleading after the deadline set in the Court's scheduling order, the movant must satisfy the good cause standard pursuant to Rule 16 of the Federal Rules of Civil Procedure before the Court considers whether the movant meets the standards for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); *Wang v. N.J. State Police*, Civ. No. 18-11933, 2021 WL 794535, at *3 (D.N.J. Mar. 1, 2021).

To establish good cause, the movant must show due diligence.  *Race Tires Am., Inc.*, 614 F.3d at 84.  Due diligence can be met if the "delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order."  *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted).  If a party "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary" to seek leave to amend before the deadline lapsed, then courts will find that party lacked the necessary due diligence and will deny leave to amend.  *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012).  Indeed, Rule 16's good cause standard seeks to fix the pleadings at some point in the proceedings.  *See United*

4

*States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-cv-15360, 2023 WL 2238550, at *2 (D.N.J. Feb. 27, 2023) (citing, *inter alia*, Fed. R. Civ. P. 16(b), Advisory Committee's Note on 1983 amendment).

Only once good cause is met does the Court evaluate the proposed pleading under Rule 15 of the Federal Rules of Civil Procedure. *Harbor Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal citation omitted); *accord Wang*, 2021 WL 794535, at *2. Under Federal Rule of Civil Procedure 15(a)(2), a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted).

Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Notably, "[n]either Rule 15 nor Rule 16 stands for the proposition that a party can amend the complaint each and every time she becomes aware of new factual allegations that already support the allegations as set forth in the complaint." *McDermott*, 2023 WL 2238550, at *4.

As to undue delay, "[d]elay alone is not sufficient to justify denial of leave to amend[,]" but "at some point, delay will become undue, placing an unwarranted burden on the court and an unfair burden on the opposing party." *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006)

(internal citation, editing, and quotation marks omitted).  "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted).  Accordingly, a court will focus on why a movant did not seek to amend sooner and consider "whether new information came to light or was available earlier to the moving party." *Ford Motor Co. v. Edgewood Prop., Inc.*, Civ. No. 06-1278, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *in re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)) (internal quotation marks omitted); *XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, Civ. No. 18-17210, 2020 WL 967855, at *3 (D.N.J. Feb. 28, 2020).

In addition, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273 (citation omitted).  A court will consider the hardship to the non-movant if the amendment were permitted, including "additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving

party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III.    DISCUSSION

As it must, the Court first considers whether Ohana meets Rule 16's good cause standard before considering the Motion to Amend under Rule 15.

### A.    FEDERAL RULE OF CIVIL PROCEDURE 16

Ohana contends that it satisfies Rule 16's showing of good cause.  It argues that, despite its diligent efforts, it did not know about PCF prior to the November 16, 2021 deadline for applications to amend. (Dkt. No. 51-1 at p. 16).  Ohana points to Mourer Foster's initial disclosures and discovery responses, which do not identify PCF's role and led Ohana to understand that Mourer Foster's business continued uninterrupted. (Dkt. No. 51-1 at p. 16).  Moreover, on April 26, 2021, Mourer Foster filed its Rule 7.1 Corporate Disclosure Statement in this action and stated that "Mourer Foster has no parent corporation."[2] (Dkt. No. 2).  Ohana points out that it did not learn of the asset sale and PCF's involvement until Mr. Foster was deposed in connection with the Michigan Action on January 6, 2023. (Dkt. No. 51-19 at ¶¶ 31-33).

In opposing the Motion, Mourer Foster argues Ohana reasonably should have possessed the information necessary to amend its complaint prior to the deadline because Ohana was on

---

[2]  Notably, upon a review of the Michigan Action docket, it does not appear that Mourer Foster filed a similar corporate disclosure statement in that action.

notice from at least October 22, 2021, when Ohana was served with the Complaint in the Michigan Action reflecting the entity "MF Acquisition Inc." (Dkt. No. 54 at p. 8). Mourer Foster contends Ohana should have then investigated Mourer Foster's status, if it wanted to comply with this Court's deadline for leave to amend. For example, according to Mourer Foster, Ohana could have served discovery requests in late 2021 to determine whether Mourer Foster, Inc. is the proper defendant in this case. (Dkt. No. 54 at p. 8). By failing to take such steps, Mourer Foster argues that Ohana unduly delayed seeking leave to amend. (Dkt. No. 54 at p. 8).

Here, Ohana acted with sufficient diligence to withstand scrutiny under Rule 16. Courts have found good cause to reopen amendment deadlines under Rule 16 where a plaintiff did not have a sufficient understanding of the relationship between certain entities until proceeding to depositions or through other discovery. *See, e.g.*, *Antico v. Ram Payment, LLC*, Civ. No. 20-12130, 2023 WL 5816071, at *8-9 (D.N.J. Sept. 8, 2023); *Sabatino v. Union Twp.*, Civ. No. 11-1656, 2013 WL 1622306, at *5 (D.N.J. April 15, 2013) (finding good cause under Rule 16 where the plaintiff had some but not sufficient information relating to the proper parties). Courts in this Circuit also have found adequate bases to grant leave to amend to join a successor entity where the plaintiff could show it diligently sought discovery of successor liability upon notice. *See Frederick v. Avantix Labs., Inc.*, 773 F. Supp. 2d 446, 449-51 (D. Del. 2011).

In this instance, while Ohana was aware of an entity named MF Acquisitions, Inc. through the Michigan Action as of October 2021, that fact alone was insufficient for Ohana to appreciate that PCF acquired Mourer Foster's assets. No piece of discovery before the deposition of Mr. Foster reveals that this transfer of assets occurred and, indeed, Ohana (and the Court) reasonably relied upon the representations made in the Corporate Disclosure Statement filed in this matter that Mourer Foster had non parent entity. Ohana further has established that, from its business dealings

with Mourer Foster, nothing appeared to have changed following the January 2021 execution of the Asset Purchase Agreement.  (*See* Dkt. No. 51-19 at ¶¶ 34-36).

Even if Ohana was aware of some entity called MF Acquisition, Inc., there was nothing to indicate that PCF had a potential role as a proper party to this matter.  Once Ohana learned of the Asset Purchase Agreement in January 2023, it diligently pursued discovery to determine whether it needed to seek leave to join PCF and assert claims against it.  *See McGrath v. Rainbow Pediatrics, P.C.*, Civ. No. 19-4714, 2021 WL 3616749, at *3 (D.N.J. Aug. 16, 2021) (finding good cause to reopen scheduling order where plaintiff did not learn fact necessary to support proposed claims until deposition of key witness); *Frederick*, 773 F. Supp. 2d at 451.  Although Ohana did not immediately seek leave to amend after Mr. Foster's deposition, Ohana acted with the requisite diligence to understand the nature of the transaction and PCF's role.  Accordingly, the Court finds that Ohana has shown good cause to justify reopen the pretrial scheduling order's deadline to amend under Federal Rule of Civil Procedure 16.

### B.   FEDERAL RULE OF CIVIL PROCEDURE 15

Having found good cause under Rule 16, the Court next considers the Motion under Rule 15.  Mourer Foster opposes the Motion under Rule 15 on the bases that the proposed amendments are unduly delayed, prejudicial, and futile.

 First, Ohana did not unduly delay seeking to further amend its complaint to join PCF and assert its successor liability claim.  While Ohana did not immediately seek to join PCF following the deposition of Mr. Foster, Ohana acted with due diligence in seeking to pursue additional information to determine PCF's role and whether it is a proper party to this action.  Thus, while there was a "delay," a lapse of time alone is insufficient to find undue delay under Rule 15.  *See Arthur*, 434 F.3d at 204.  The reasons Ohana proffers for having not moved to amend sooner are

sufficient in light of the opaqueness of the information relating to MF Acquisition, Inc. and the entities involved. In addition, Mourer Foster never sought to clarify in this action its entity status or relationship with PCF. Accordingly, the Court declines to find Ohana unduly delayed seeking amendment here. *See Ford Motor Co.*, 2011 WL 1321605, at *2.

Second, Mourer Foster will not be unduly prejudiced by permitting Ohana to join PCF and assert the successor liability claim. The Court considers the extent of discovery and costs the joinder and amendments might add. *See Cureton*, 252 F.3d at 273. Adding a new party and a new claim based on successor liability will add to discovery and potential costs in this matter. However, it appears that Mourer Foster has asserted that it does not have certain discovery in its possession, custody, or control because those materials have been turned over to PCF. (Dkt. No. 55 at p. 8 n.2). As a result, discovery from PCF may be required to move the matter forward whether PCF participates as a party or non-party in this action. The Court therefore finds that any prejudice by the amendments is not undue in these circumstances.

Finally, with respect to Mourer Foster's arguments regarding futility, these arguments overlap significantly with those made in support of a motion to dismiss. Exercising its discretion, the Court will not consider these arguments in connection with its review of the Motion for Leave to Amend. *See Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, Civ. No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, Civ. No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)). Rather, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Id.* (citations omitted). Because courts are to grant leave to amend freely, the Court declines to analyze the proposed claims under Rule 12.

IV.     **CONCLUSION**

Having considered the submissions of the parties, and for the reasons set forth above, and for good cause having been shown,

**IT IS**, **THEREFORE**, on this **13th** day of **February 2024** hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. No. 51) is **GRANTED**; and it is further

**ORDERED** that Ohana shall file its Second Amended Complaint by no later than **seven (7) days from the date of this Memorandum Opinion and Order** and shall serve the Second Amended Complaint on the newly added defendant in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Mourer Foster shall file its respective response(s) to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint, and if seeking to move in response to the new pleading shall comply with the assigned District Judge's Practices and Procedures, and further provided that the newly added defendant shall file its response in accordance with the Federal Rules of Civil Procedure upon service; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Numbered 51; and it is further

**ORDERED** that, by no later than **March 1, 2024**, the parties shall file with the Court a proposed amended discovery schedule.

**SO ORDERED**.


/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

11